IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEWIS C. ROCKMORE, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-05-1505-C |
| | ) |
| MICHAEL ASTRUE, | ) |
| Commissioner, Social | ) |
| Security Administration,[1] | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Lewis Rockmore seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should affirm the SSA's decision.

I.    BACKGROUND

Mr. Rockmore applied for insurance benefits based on an alleged disability. Administrative Record at pp. 43-45 (certified Aug. 30, 2006) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 29-30. A hearing took place,[2] and the administrative law judge found that the Plaintiff was not disabled in light of his ability to

---

[1] In the complaint, Ms. Jo Anne B. Barnhart was named as the defendant. During the pendency of the action, Mr. Michael Astrue became the Commissioner of the Social Security Administration. Thus, the Court substitutes Mr. Astrue as the defendant. *See* Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) (2000) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] *See* Rec. at pp. 189-212.

perform past relevant work or other work in the national economy.[3]  The Appeals Council declined jurisdiction,[4] and the present action followed.  Mr. Rockmore alleges:

- a failure to assess the combined effect of his impairments at step two, and
- disability from his medications.[5]

The Plaintiff's arguments are invalid.

## II.    STANDARD OF REVIEW

The Court's review entails only a determination of whether the SSA's decision is based on substantial evidence and the correct legal standard.  *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991).  Evidence is substantial if it is greater than a scintilla.  *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).  If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).  However, a court may not reweigh the evidence or substitute its judgment for that of the

---

[3]     Rec. at pp. 23-25.

[4]     Rec. at pp. 4-6.

[5]     Mr. Rockmore also asserts: (1) errors in the determinations of residual functional capacity and the ability to perform past relevant work, and (2) error in reliance on the testimony of a vocational expert.  This Court must liberally construe the allegations in the complaint because Mr. Rockmore is representing himself.  *See Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).  But Mr. Rockmore has provided no explanation for these assertions, and the Court cannot speculate about the basis of Mr. Rockford's claims.  *See Wardell v. Duncan*, 470 F.3d 954, 963-64 (10th Cir. 2006) (holding that *pro se* status did not relieve the plaintiff of his obligation to explain his legal argument).

SSA. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

III.    THE PLAINTIFF'S COMBINED IMPAIRMENTS

Mr. Rockmore alleges that at step two, the administrative law judge failed to consider the combined effect of his impairments. The Plaintiff is incorrect.

A.    Duty at Step Two

At step two, the plaintiff must demonstrate a "severe" impairment or a combination of impairments which significantly limits his ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(c) (2005). To determine whether this burden has been met, the administrative law judge must consider the combined effect of all of the claimant's impairments without regard to whether any single impairment would be considered severe. *See* 42 U.S.C. § 423(d)(2)(B) (2000);[6] 20 C.F.R. § 404.1523 (2005).[7]

---

[6]    Federal law provides:

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

42 U.S.C. § 423(d)(2)(B) (2000).

[7]    The social security regulations directed the administrative law judge to:

> consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If [the administrative law judge does] find a medically severe combination

B.  The Administrative Law Judge Properly Considered the Plaintiff's Impairments at Step Two

At step two, the administrative law judge acknowledged her duty to determine "whether the claimant ha[d] a 'severe' impairment or combination of impairments." Rec. at p. 17. The judge then stated that Mr. Rockmore had suffered from severe impairments involving back pain, diabetes mellitus, and hypertension. *Id.* The Plaintiff argues that the judge had failed to consider the combined effect of these impairments at step two. For this argument, Mr. Rockmore points to his:

- back and hip pain,
- high blood pressure, and
- diabetes.

The Plaintiff's argument is misguided.

In some cases, a claimant may experience impairments which are not severe in themselves, but are severe when viewed in combination. In this situation, the administrative law judge must consider the impairments in combination to avoid a premature end to the evaluation process at step two. *See Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991) ("Pursuant to Congress' mandate, the Secretary must consider the combined effects of

---

of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If [the administrative law judge does] not find that [the claimant has] a medically severe combination of impairments, [the administrative law judge] will determine that [the claimant is] not disabled . . . .

20 C.F.R. § 404.1523 (2005).

impairments that may not be severe individually, but which in combination may constitute a severe medical disability." (citation omitted)); *see also supra* p. 3. That danger did not exist here.

The administrative law judge found that each of the three impairments - back and hip pain, high blood pressure, and diabetes - was individually severe. *See supra* p. 4. If they were individually severe, they would obviously continue to be severe if viewed in combination.

The judge did not recite this truism, but the evaluation would not have changed if she had. Regardless of whether the judge had expressed the severity of the three impairments in combination, she would have had to address the possibility of a disability at steps three, four, and five and the Plaintiff has not suggested error at these steps. Thus, reversible error did not take place even if the administrative law judge had failed to consider the impairments in combination at step two.[8]

---

[8] *See Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005) (the alleged failure to consider obesity at step two was harmless because it would not have affected the evaluation at step four or five); *see also Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. Apr. 7, 2006) (unpublished op.) (holding that the alleged failure to consider two conditions severe was "irrelevant" because the administrative law judge had elsewhere found "several severe impairments"); *Swartz v. Barnhart*, 188 Fed. Appx. 361, 368 (6th Cir. July 13, 2006) (unpublished op.) (administrative law judge's failure to find an additional impairment severe at step two was harmless as long as he found at least one severe impairment and continued the sequential analysis); *Rivera v. Commissioner of Social Security*, 164 Fed. Appx. 260, 262 n.2 (3d Cir. Jan. 31, 2006) (unpublished op.) (holding that alleged errors at step two were harmless because the administrative law judge had found a severe impairment); *Belanger v. Barnhart*, 2006 WL 3519307, Westlaw op. at 4 (D. Me. Dec. 6, 2006) (unpublished op.) (harmless error existed when the administrative law judge had failed to consider the combined effects of two independently "severe" impairments).

IV.     THE PLAINTIFF'S MEDICATIONS

Mr. Rockmore also states that his medications cause various side-effects which would render him disabled. The administrative law judge discussed:

- prescriptions for diabetes, hypertension, and back pain,[9] and

- the Plaintiff's complaints that his medications made him sleepy and "feel like he [was] inebriated."[10]

Ultimately, however, the judge discounted the Plaintiff's subjective allegations. Rec. at pp. 21-23. The Plaintiff does not criticize the judge's findings or allege that the evidence was insufficient for her assessment. Thus, the Court should reject Mr. Rockmore's claim for reversal based on the side-effects of his medications.

V.      RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should affirm the SSA's decision.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is April 17, 2007. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

---

[9]     Rec. at pp. 18-19, 21.

[10]    Rec. at p. 20.

VI.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 27th day of March, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge